IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GIBREMARIAM BISEWER | : | |
| Plaintiff, | : | Case No. 11-CV-516 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| ZEGRA NISRANE, *et al.*, | : | Magistrate Judge Mark R. Abel |
| Defendants. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on remaining Defendants' (ACE American Insurance Company and Pathfinder Insurance Company) Motion for Summary Judgment. (Dkt. 35) Plaintiff has also filed a Motion for Partial Summary Judgment. (Dkt. 36) For the reasons set forth herein, Defendants' Motion is **GRANTED** and Plaintiffs' Motion is **DENIED**. The case is, hereby, **DISMISSED**.

### II. BACKGROUND

#### A. Factual Background

This action results from an automobile accident involving a single automobile which occurred on May 29, 2006, in which Plaintiff was injured. Plaintiff, Gibremariam Bisewer, is a priest at Debre Medhanit Medhane Alem Ethiopian Tewahedo Cathedral ("the Church") in Columbus, Ohio. The original Defendants included the driver of the automobile, Zegra Nisrane, in which Bisewer was a passenger at the time of the accident, and Avis Rent-a-Car ("Avis"), which rented the automobile. Now, the real parties in interest are now Avis's insurance

providers, Defendant ACE American Insurance Company ("ACE") and Defendant Pathfinder Insurance Company ("Pathfinder"); other Defendants have been dismissed from this action.

On May 26, 2006, Mequanent Berihun, who is not a party to this action, rented a Toyota Camry from Avis in Columbus, Ohio, using his personal credit card. Berihun is a member of the Church. He rented the Camry for the purpose of loaning it to other Church members (Bazezew Kassie, Atnaw Mengiste, Nisrane, and Bisewer) so that they could drive to a festival involving a number of Ethiopian Orthodox parishes in Atlanta, Georgia. None of the four members who attended the festival could rent a vehicle either because they did not have a driver's license or were under the age of 25. Berihun did not inform Avis that he was planning to loan the Camry to others, nor did he request authorization for others to drive the Camry. While at the rental counter with Berihun, Kassie asked if he could be added to the rental agreement as an additional driver. Avis informed Kassie he could not be added because he was not yet 25 years of age.

On May 27, 2006, Bisewer, Nisrane, Mengiste, and Kassie left for Atlanta, with Kassie driving for the duration of the trip. They returned together on May 29, 2006. En route to Columbus, Kassie decided to let Nisrane drive. As Nisrane drove the Camry through Kentucky, he lost control of the automobile, it went off the highway, and overturned in a ditch. Plaintiff was ejected from the automobile, sustaining serious injuries. The parties have stipulated to these facts; they are not in dispute. Nisrane caused the accident which injured Plaintiff. *Consent Judgment*, Dkt. 2 at Exh. 1. The sole issue is whether Avis's insurers are liable for those injuries. The dispute hinges on the language of the Rental Agreement and the Insurance Policies.

### B. Documentary Background

When Berihun signed the Rental Agreement, he accepted Avis's provision of liability insurance and also chose to pay for "additional liability insurance." Paragraph 18 of the Rental

Agreement, written from the perspective of the renter as signatory to the agreement, states in relevant part:

> **Liability Insurance.**  Anyone driving the car as permitted by this agreement will be protected against liability for causing bodily injury or death to others or damaging the property of someone other than the driver and/or renter up to the minimum financial responsibility limits required by applicable law . . . **The coverage provided by you shall be secondary over any applicable insurance available to me or any other driver, from any other source, whether primary, excess, secondary or contingent in any other way.**  Otherwise, it is provided according to the terms, and subject to all of the conditions, of a standard automobile liability insurance policy . . . I understand that unless required by applicable law, you will not provide . . . (d) supplementary no fault; non-compulsory uninsured or underinsured motorist coverage, and you and I reject all such coverages to the extent permitted by law.

(emphasis in original)  The phrases "anyone driving the car as permitted by this [Rental] agreement" in ¶18 and "authorized driver, as defined in paragraph 17" in ¶19 refer to the following, ¶17:

> **Who Else May Drive the Car.**  Only my spouse, my significant other, my employer or a regular fellow employee incidental to business duties, someone who operates the car during an emergency, or someone who appears at the rental counter along with me and signs an additional driver form are authorized drivers and may drive the car but only with my prior permission.  The other driver must be at least 25 years old and a capable and validly licensed driver. . .

Avis purchases its primary insurance policy from Defendant Pathfinder.  That policy names Avis as the insured and extends coverage extends to "anyone else while using with [Avis's] permission a covered 'auto' [Avis] own[s], hire[s] or borrow[s]."  *Pathfinder Policy*, Dkt. 34-2, at 9.

Paragraph 19 of the Rental Agreement goes on to describe the additional liability insurance provided by Defendant ACE, and elected by Berihun, as follows:

> **Additional Liability Insurance. (ALI)** (Where applicable) I'll pay for additional liability insurance coverage if available and I accept it.  In that case, the coverage provided by you according to paragraph 18 above shall be primary and the combined limits of liability protection shall be $1,000,000 for each person for

3

>bodily injury . . . This additional coverage will be provided to an authorized driver, as defined in paragraph 17 under a separate policy of excess liability insurance . . . and is subject to all the conditions and limitations described in paragraph 18 above, except that notwithstanding anything contained in this agreement, the terms of the policy shall at all times control.

The "terms of the [additional liability insurance] policy" with ACE state that "insured" parties include "any person **Occupying the Automobile** with the permission of the **Authorized Driver** who is entitled to coverage under any applicable Uninsured or Underinsured Motorist Legal Statute." (emphasis in original) *ACE Policy*, Dkt. 34-3, at 1. Under the ACE Policy, "'**Authorized Driver**' means only those authorized by the terms of a **Rental Agreement** to operate the **Named Insured's Automobile**." (emphasis in original) *Id*. at 4.

### C. Procedural Background

Plaintiff originally brought this suit in the Franklin County Court of Common Pleas. There, Nisrane, the driver of the automobile admitted his fault and consented to judgment being entered against him in the amount of $1,015,000.00. (Dkt. 15-1) Defendant Avis subsequently removed the case to this Court by reason of diversity, under 28 U.S.C. §1332. (Dkt. 1) Plaintiff then filed an Amended Complaint. (Dkt. 15) The Amended Complaint survived Defendants' Motion to Dismiss and at the summary judgment stage the remaining Defendants are Avis's insurers, Pathfinder and ACE. Defendants have filed a Motion for Summary Judgment to which Plaintiff responded while also filing his own Motion for Partial Summary Judgment. These motions have been fully briefed and are ripe for review.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides, in relevant part, that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

4

the moving party is entitled to judgment as a matter of law." A fact is deemed material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States,* 20 F.3d 222, 224 (6th Cir.1994) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, (1986)).

The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.,* 8 F.3d 335, 339–40 (6th Cir.1993). The suggestion of a mere possibility of a factual dispute is insufficient to defeat a movant's motion for summary judgment. *See Mitchell v. Toledo Hospital,* 964 F.2d 577, 582 (6th Cir.1992) (citing *Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 863 (6th Cir.1986)). Further, "summary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. When a plaintiff, however, invokes summary judgment "and a showing is made by the [plaintiff], the burden rests on the [defendant] to show that he has a ground of defense fairly arguable and of a substantial character." *Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co.*, 137 F.2d 871, 877 (6th Cir. 1943).

The necessary inquiry for this Court in determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir.1993) (quoting *Anderson,* 477 U.S. at 251–52). In evaluating such a motion, the evidence must be viewed in the light most favorable to the nonmoving party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *See Anderson,* 477 U.S. at 251;

5

*Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995).  Self-serving affidavits, alone, are not enough to create an issue of fact sufficient to survive summary judgment. *Wolfe v. Vill. of Brice, Ohio*, 37 F. Supp. 2d 1021, 1026 (S.D. Ohio 1999).  *See Anderson,* 477 U.S. at 251; *Copeland,* 57 F.3d 476 at 479.

With regard to affidavits, Rule 56 (e) requires that affidavits submitted in support of or in opposition to motions for summary judgment include facts based on personal knowledge and that personal knowledge "must be evident from the affidavit." *Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F.Supp.2d 948, 956 (S.D. Ohio 2000).  Affidavits at the summary judgment stage also may not rely upon inadmissible hearsay because inadmissible hearsay "cannot create a genuine issue of material fact."  *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 83 (6th Cir. 1997).

## IV. LAW AND ANALYSIS

### A. Plaintiff Is Not Entitled to Compensation from Avis's Insurance Policies Because Nisrane Was Not an Authorized Driver

Plaintiff's first claim against Defendants alleges that Nisrane was an "Authorized Driver/User" who was, thus, covered by Avis's primary liability insurance.  Avis's liability insurance is described in ¶18 of the Rental Agreement.  Paragraph 18 begins by stating that "[a]nyone driving the car as permitted by this agreement will be protected against liability for causing bodily injury or death to others."  Those "permitted by this agreement" or "authorized" to drive the car are defined in ¶17 to include "only my spouse, my significant other, my employer or a regular fellow employee incidental to business duties, someone who operates the car during an emergency, or someone who appears at the rental counter along with me and signs an additional driver form."  Defendants argue Nisrane does not qualify as an authorized driver

6

under any of these categories while Plaintiff contends Nisrane was a "regular fellow employee" of Mr. Berihun, who signed the Rental Agreement, at the Ethiopian Orthodox Church.

In Ohio, the term "employee" is considered a term of art which is defined by the standard usage. *Bostic v. Connor*, 37 Ohio St.3d 144, 146-47 (1988). Thus, the Court takes the commonly accepted definition of "employee": a person in the service of another under any contract of hire, express or implied, written or oral, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed; or a person working for salary or wages. *Black's Law Dictionary* (6th ed. 1990). Nisrane is a choir member at the Ethiopian Orthodox Church, a volunteer position for which he is not compensated. It is not disputed that Nisrane receives shelter and food from the Church and aspires to be a deacon. The fact that he avails himself of the humanitarian services provided by the Church and happens to be an active member of the congregation, however, does not convert him into an employee. Significantly, Defendants have shown Nisrane does not receive wages. He volunteered to accompany Plaintiff to the gathering in Georgia; it was not a dictate from an employer to an employee. Since Nisrane was not a "regular fellow employee" of Mr. Berihun, thus, he was not an authorized driver under ¶17 of the Rental Agreement.

Alternatively, Plaintiff contends Nisrane was an authorized driver because Berihun, a signatory to the Rental Agreement, permitted him to drive the car. Under the Rental Agreement and Ohio law, Mr. Berihun's authority to drive the car was non-delegable. *West v. McNamara*, 159 Ohio St. 187, 193 (1953). Berihun was bound by the terms of the Rental Agreement and had no authority to permit anyone to drive the car beyond those persons identified in ¶17 of the Rental Agreement. His personal assurances to Nisrane did not confer authority to drive upon Nisrane because it was for Avis, not Bisewer, to confer that authority.

7

Plaintiff makes an alternative argument that even if the Rental Agreement and Pathfinder Policy disclaim coverage for his injuries, the excess liability insurance policy with ACE still covers them. Plaintiff attempts to create an ambiguity as to the meaning of "authorized" in the ACE Policy as well. He argues that the phrases "authorized driver" and "authorized user" are defined by the ACE Policy, not the Rental Agreement. The ACE Policy, in both "Item 3" and "Section V," explicitly states that an authorized driver is one who is authorized by the terms of the Rental Agreement. Plaintiff contends there is ambiguity because in Section I of the ACE Policy refers to an "Authorized Driver/User" and that the phrase "Authorized User" is nowhere defined in the ACE Policy. Contrary to Plaintiff's contention, however, the key word is "authorized," the meaning of which does not change throughout the document. As explained, *supra*, "authorized" refers to those authorized by the Rental Agreement. The phrase "Driver/User" appears to parallel the phrase "operation or use" in the ACE Policy, presumably to include to uses of the car which arguably might not qualify as "driving." In light of the ACE Policy's consistent use of the word "authorized" to refer to authority granted by the Rental Agreement and Ohio law which does not allow the "original permittee" to "delegate this authority [to drive a rented automobile]," as a matter of law, Nisrane was not an "authorized driver" or "authorized user" of the vehicle. *West v. McNamara*, 159 Ohio St. 187, 193 (1953).

Finally, Plaintiff's assertion that he benefits from the doctrine of *contra proferentem* ("against the one bringing forth"), and that the doctrine dictates ambiguities be construed in favor of coverage, is unavailing. First, the Supreme Court of Ohio has held that "[w]hen a court decides whether a claimant is insured under a policy, ambiguities are construed in favor of the policyholder, not the claimant." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 224 (Ohio 2003). Here, Avis, not the Plaintiff, is the holder of the insurance policy. Thus, *contra*

8

*proferentem* doctrine supports a finding that Plaintiff is not covered by the policy. A more expansive construal of coverage would penalize Avis, the policyholder, by making it vulnerable to more claims, resulting in higher insurance premiums. Therefore, even if *contra proferentem* applied, it would support a finding that Nisrane is not an "Authorized Driver/User." Furthermore, Bisewer lacks standing to assert *contra preferentem* as a third-party to the insurance contract.

### B. Avis's Underinsured/Unisured Motorist Insurance Does Not Cover Nisrane

Plaintiff argues, in the alternative, that even if his injuries are not covered by Avis's primary/underlying policy with Pathfinder, then he is still entitled to payment from Avis's additional liability insurance policy with ACE. The Plaintiff"'s argument adopts the following reasoning: Paragraph 18 of the Rental Agreement states that "the coverage provided by [Avis] shall be secondary over *any* applicable insurance available to [the driver of the rental car] or any other driver, from any other source, whether primary, excess, secondary or contingent in any way." (emphasis added) Paragraph 19 goes on to say that the ACE Policy shall cover an "authorized driver," as defined by ¶17, for losses in excess of the coverage described in ¶18. Paragraph 19 is also the clause which says the "terms of the [ACE] policy shall at all times control." Under the ACE Policy, Plaintiff is a person "**Occupying the Automobile** with the permission of the **Authorized Driver** who is entitled to coverage under any applicable Uninsured or Underinsured Motorist Legal Statute." ACE Policy Declarations at Item Three. The "Schedule of Underlying Protection" at Item Five of the ACE Policy Declarations reiterates that the "Limits of Protection" are "as shown in the **Rental Agreement**."

There is no dispute that Plaintiff occupied the automobile with permission of Berihun, an authorized driver, though Berihun was not driving at the time of the accident. According to

9

Plaintiff, the issue is that even if Nisrane is not covered by Avis's liability insurance (or "underlying protection") as described in ¶18, Nisrane's personal insurance policy qualifies as "underlying protection" which then invokes Avis's additional liability insurance when the policy limit is exceeded.  Plaintiff has not cited case law in support of that proposition.  Plaintiff interprets ¶18 to stand for the proposition that any time there is "primary" coverage provided either by Avis's policy with Pathfinder, or by third-party insurance of an individual driver, the exhaustion of either policy invokes ¶19's additional liability insurance, the ACE Policy.  The problem for Plaintiff is that his suggested interpretation produces absurd results.  If Plaintiff is correct, Avis is in a worse position when an unauthorized driver does not have insurance than when an unauthorized driver does have insurance.  By Plaintiff's logic, the ACE Policy would not be liable if Nisrane had no insurance whatsoever because there would be no underlying protection to exhaust before invoking the additional liability.  At the same time, if Nisrane had stolen the car, the ACE Policy would still be liable for the Plaintiff's injuries, by the Plaintiff's argument, because Nisrane's personal insurance would still qualify as "underlying protection." Such a result would be absurd.  In reality, it is not the fact that a driver has his own personal insurance that makes Avis's additional liability insurance with ACE available to the driver; it is the fact that a driver is covered by Avis's primary insurance policy (with Pathfinder, as described in ¶18) that qualifies the driver for the additional liability insurance in ¶19.  That is the sole logical reading of both the ACE Policy and the Rental Agreement.  The real purpose of ¶18's statement that "[t]he coverage provided by [Avis] shall be secondary over any applicable insurance available to [authorized driver]" is to clarify that the driver's personal insurance policy must be exhausted before either of Avis's policies come into effect.  The Court, thus, finds

10

Nisrane is not covered by the additional liability insurance provided by the ACE Policy, and Plaintiff, therefore, may not recover from ACE.

Defendants have also pointed to a clause in ¶18 which states "that unless required by applicable law [Avis] will not provide . . . non-compulsory uninsured or underinsured motorist coverage." Paragraph 19 then begins by stating it applies "(where applicable)." Since Ohio law does not require provision of uninsured or underinsured motorist coverage, it appears as though the Rental Agreement has disclaimed this entirely. That provides an alternative basis for rejecting Plaintiff's claim that he is entitled to coverage under the ACE Policy.

### C. Plaintiff's Bad Faith Denial of Coverage Claim

The Plaintiff's claim that Defendants denied his claim in bad faith depended upon a finding that Defendants were liable with regard to at least one of his other claims. Since the Court finds Defendants are not liable as Avis's primary or secondary insurers, they did not, *ipso facto*, deny Plaintiff's claim in bad faith.

### V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment on all claims is, hereby, **GRANTED**. The Plaintiff's Motion for Partial Summary Judgment is, hereby, **DENIED**. This case is dismissed.

**IT IS SO ORDERED.**

                                                  s/ Algenon L. Marbley
                                                  **Algenon L. Marbley**
                                                  **United States District Judge**

**Dated: January 11, 2013**